## Cardillo v. Nationwide Insurance Company

*M. E. Kusturiss,* for petitioners.
*William C. Porter,* for respondent.

RODGERS, *J.*, October 20, 1980—This matter comes before the court on the petition of David Cardillo and Dolores Cardillo, his wife, against respondent, Nationwide Insurance Company, for a judgment declaring the respondent obligated to provide coverage to Cardillo under the terms of a homeowner's insurance policy, including the cost of legal defense, of a claim filed against David Cardillo at no. 103, August Term, 1979, A.D., in the Court of Common Pleas of Washington County, Pa.

For reasons stated, the court grants judgment in accordance with the prayer of the petition to the petitioner, David Cardillo.

At no. 103 August Term, 1979, A. D., Robert N. Lilley has filed a complaint in trespass and assumpsit against the original defendant, Briggs & Stratton Corporation, claiming that on or about August 18, 1977 plaintiff, Robert N. Lilley, suffered severe personal injuries when a flywheel manufactured by the original defendant for use on the engine of a lawn and garden tractor exploded. The Lilley claim alleges strict liability under Restatement, 2d, Torts, §402A (negligent manufacture, design and warning and breach of express or implied warranties). Briggs & Stratton then joined David Cardillo as an additional defendant on the grounds that Cardillo had misused and damaged

the engine in question by improperly removing the flywheel and improperly repairing and repositioning the armature on the engine, and that Cardillo had sold a lawn tractor with the engine in question to Lilley.

Upon being joined as an additional defendant, Cardillo called upon Nationwide Insurance Company to provide a legal defense and coverage under the terms of a homeowner's policy. Nationwide claimed that coverage was excluded, whereupon Cardillo brought this action for declaratory judgment.

The only testimony at the hearing in this matter was by David Cardillo. He testified that he is a mechanic for Trans World Airlines and that about 1961 he purchased a new seven and one-half horsepower Wagner lawn and garden tractor, which he sold to Robert N. Lilley in 1975 for about $100 in an "as is" condition. Lilley stated that he was not interested in the mower, but only interested in the engine and, subsequently, according to the admitted pleadings, Lilley installed the Briggs & Stratton engine from the Wagner tractor in a Sears garden tractor.

Cardillo testified this was an isolated sale and that he was not a manufacturer, seller, handler or distributor of goods, products or their containers as a business venture, and was not a commercial repairman, except as an airline mechanic.

The policy issued to Cardillo by Nationwide provides in section II as follows:

"Protection Against Liability

"Section II of this Homeowners Policy insures those named in the Declarations against loss from damages for negligent personal acts or damage for negligence arising out of the ownership, mainte-

nance or use of real or personal property, subject to the provisions and conditions stated herein and subject to the limit of liability stated in the Declarations for liability.

"If an accident or occurrence should take place involving persons covered by Section II of this policy, Nationwide is obligated with respect to:

"A. Bodily Injury and Property Damage

"To pay on behalf of the Insured all sums which he shall become legally obligated to pay (1) as damages because of bodily injury, sickness or disease, and death at any time resulting therefrom, sustained by any one person, including a residence employee while engaged in the employment of an Insured, unless engaged in the operation or maintenance of aircraft, . . .

"D. Supplementary Payments

"With respect to such insurance as is afforded by this policy for Bodily Injury and Property Damage liability, Nationwide, in addition to the applicable limits of liability, shall:

"1. Defend with counsel of its choice any suit against an Insured alleging property damage, bodily injury, illness, death and seeking damages therefor. Such suit shall be defended even if groundless, false or fraudulent. But Nationwide may make any investigation, negotiation and settlement of any claim or suit as it deems expedient.

"2. Pay all expenses incurred by the Company and all costs assessed against an Insured in any such suit." ,

The policy also provides:

"PART II—Section II of this Policy does not apply:

"1. Under A (bodily injury and property damage) and C (guests' medical expenses) to: . . .

"b. injury to or destruction of any goods, products or containers thereof manufactured, sold, handled or distributed by an Insured, or work completed by or for such person, out of which the injury or destruction arises; . . ."

Nationwide claims the exclusion applies because Cardillo sold a product (a garden tractor) upon which he had completed repairs which were the alleged cause of the bodily injury to Lilley.

The insured, Cardillo, argues that the exclusion only applies to a person in the business of manufacturing, selling and distributing products on a commercial basis, or engaged in the repair of such products on a commercial basis. Nationwide contends that the exclusion applies to any goods or product or any work completed, whether it be an isolated sale or repair or in the course of business.

The exclusion in question, on a policy originally issued in 1969, is similar in nature to the Products and Completed Operations hazards extensively discussed in the case of Friestad v. Travelers Indemnity Co., 260 Pa. Superior Ct. 178, 393 A. 2d 1212 (1978). The interpretation offered by the insured is not unreasonable. The reference to goods, products or containers is in the plural and it is certainly not immediately apparent to a lay person that it would be applicable to the isolated sale of his used garden tractor by a homeowner.

Further, in the case of Hionis v. North. Mut. Ins. Co., 230 Pa. Superior Ct. 511, 327 A. 2d 363 (1974), the court held that even where a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him.

In the case at bar, respondent, Nationwide, failed to offer any proof of the insured's awareness and understanding of the exclusion now relied on. See, also, Klischer v. Nationwide Life Ins. Co., 4 D. & C. 3rd 486, 488 (1978); DeHaven v. Safeguard Ins. Co., 71 D. & C. 2d 429, 439 (1975).

## DECISION OF THE COURT

And now, October 20, 1980, the court finds in favor of petitioner, David Cardillo, and against respondent, Nationwide Insurance Company, and directs respondent to provide coverage to the extent of its liability and to defend with legal counsel the action brought by Robert N. Lilley and Barbara A. Lilley, his wife, against Briggs & Stratton Corp., original defendant, and David Cardillo, additional defendant at no. 103 August Term, 1979, A.D., and to pay all expenses incurred by the company and all costs assessed against the insured in such suit.